```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


NATIONAL LIABILITY & FIRE INSURANCE
COMPANY,

                        Plaintiff,

vs.                                  Case No.  2:06-cv-567-FtM-29SPC

AMECA CORP.; ALY TRUCKING, INC.;
ARNALDO QUINTERO; IVAN DRUNA; YOUEL
VASQUEZ; OSMANI A. BRIZUELA; AMAURY
ESPINOSA; GUSTAVO  R.  CONCEPCION;
OSMANY SUAREZ BORRERO; PASCUAL R.
BORERO; ANDRES EDGARDO TORRES, SR.;
ANDRES    EDGARDO    TORRES,    JR.,
deceased; CARMEN  MARIA  TORRES  as
personal representative; ANAMARIE
TORRES, DAVID ANDRES TORRES; DALE E.
MONTGOMERY; STANLEY KENT; AUGUSTIN
ORTEGA;  FELIX   ARMANDO   VALDEZ;
GREGORIA F. RAVELO d/b/a R.V. Land
Clearing; MANUEL BARRANADA, JEFFREY
R.  STERN,  NOEL  RAMIREZ-SANCHEZ,
RUNNING  E.  TRUCKING,  FERNANDO
SALGADO,   MARIA   I.   PEREIRA,
BIENVENIDO GARCIA ESTRADA, TIFFANY
NGUYEN and THAP CONG VAN,

                        Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Summary Judgment (Doc. #85), filed on December 12, 2007. Plaintiff seeks summary judgment finding no insurance coverage by National Liability & Fire Insurance Company and no duty to defend or indemnify defendants or any other owners or drivers involved in

certain accidents. Also before the Court is plaintiff's Response to Order to Show Cause (Doc. #93), filed in response to the Court's Order to Show Cause (Doc. #92) regarding unserved defendants. The case remains stayed as to defendants Gregoria F. Ravelo and Felix Armando Valdez. (See Docs. #76, #90.)

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to

establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003).

## II.

The undisputed facts are as follows: Plaintiff National Liability & Fire Insurance Company (National) issued a Business Auto Policy (the Policy) to Ameca Corp. (Ameca) and Aly Trucking, Inc. (Aly) for April 5, 2004 through April 5, 2005. The Policy was cancelled effective November 29, 2004, for non-payment of a premium installment payment, and written notice of the cancellation was mailed on October 26, 2004 to the Bonita Springs, Florida address listed in the Policy application. (Doc. #85-2, Exh. A; #85-3, p. 4.)

Pursuant to the Policy, National "will pay all sums an insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting form the ownership, maintenance or use of a covered auto." (Doc. #85-3, p. 24.) An "insured" includes anyone using a "covered auto" with permission, with certain exceptions. (Doc.

#75-2, p. 24.)    Under the Business Auto Coverage Declarations (Doc. #75-2, p. 21), the coverage for "covered autos" is symbol 7. The autos that are "covered autos" in the Business Auto Coverage Form for symbol 7 are "[o]nly those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any trailers you don't own while attached to a power unit described in Item Three)."  The Schedule of Covered Autos (Doc. #72-4, p. 22) lists four autos: (1) a 1997 Ford dump truck; (2) a 1984 Peterbilt dump truck; (3) a 1985[1] Peterbilt dump truck; and (4) a 1998 Ford dump truck.  None of these vehicles were involved in the accidents or claims; and none of the listed drivers in the Truck Application -- Mario Gonzalez, Oscar Carricaburo, and Nelson E. Gonzalez -- were involved in the accidents.  (Doc. #72-5, p. 3; Doc. #85-2, ¶ 11.)  An "auto" can include a "temporary substitute" if a "covered auto" is out of service because of a breakdown, repair, servicing, loss, or destruction.  (Doc. #75-2, p. 24.)  There is no evidence of any such temporary substitute.

The following accidents or claims remain at issue[2]: (a) Claim by Gustavo Concepcion (Doc. #72-8, p. 4):  A 1988 Mack Truck driven

---

[1] Although listed as a 1987 auto, a General Change Endorsement (Doc. #85-3, p. 7) corrected the year of the auto.

[2] The following defendants were dismissed: Megan L. Hoover, Mireya V. Santamarina, Christopher R. Armellini, Miami Dade County, and Wilson Demjanczuk.  The following additional defendants never received service of process: Bienvenido Garcia Estrada, Fernando Salgado, and Jeffrey R. Stern, and will be addressed under separate order.  The remaining parties were served with process but made no appearance in this case.

by Arnaldo Quintero of Hialeah, Florida, and owned by Ivan Oruna of Hialeah, Florida caused an accident in Dade County, Florida on August 19, 2004; (b) Claim by Jose J. Santiago (Doc. #72-9, p. 3): A 1994 Pickup Truck driven by Felix Armando Valdez of Opa Locka, Florida, and owned by R.V. land Clearing of Opa Locka, Florida caused an accident in Broward County, Florida on June 16, 2004; and (c) Claims by Andres Edgardo Torres, Jr. (Deceased) and Dale E. Montgomery (Doc. #72-11): A 1990 Kenworth dump truck driven and owned by Augustin Ortega of Hialeah, Florida caused an accident in Charlotte County, Florida on October 1, 2004.

### III.

"Under Florida law, an insurance policy should be construed in its entirety and given the construction which reflects the intent of the parties."  Gulf Tampa Drydock Co. v. Great Atlantic Ins. Co., 757 F.2d 1172, 1174 (11th Cir. 1985).  "Florida law requires that insurance policies be read for their plain language and that every provision be given its full meaning and effect. [ ]  But if the relevant policy language is susceptible to more than one reasonable interpretation . . . the insurance policy is considered ambiguous."  Travelers Indem. Co. v. PCR Inc., 326 F.3d 1190, 1193 (11th Cir. 2003)(internal citations and quotations omitted).  "An ambiguous policy must be interpreted liberally in favor of the insured and strictly against the drafter who prepared the policy."  Id.

The Policy, in this case, is clear and unambiguous. Although all three accidents occurred before the cancellation of the Policy became effective, none of the accidents involved the covered autos and none of the drivers were the drivers listed in the Truck Application. The Court finds no genuine issue of material fact to dispute that there was no insurance coverage for the three accidents at issue. Additionally, the Court finds that plaintiff does not have a duty to defend or indemnify the served defendant drivers or owners of the vehicles listed in the accident reports.

**IV.**

Plaintiff seeks an extension of time to attempt substituted service of process pursuant to Florida Statute Section 48.171, however, this section addresses service on *nonresident* motor vehicle owners. Plaintiff acknowledges that the unserved defendants are all resident licensed drivers in the State of Florida, Doc. #93, ¶ 8, therefore this section does not apply.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Although the 120 period has long expired, the Court will provide plaintiff the

opportunity to attempt service of process on the unserved defendants. If service is unsuccessful, the Court will dismiss those defendants without prejudice.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's request for an extension of time to serve defendants Bienvenido Garcia Estrada, Maria I. Pereira, Noel Ramirez-Sanchez, Fernando Salgado, and Jeffrey R. Stern is **GRANTED** and plaintiff has **THIRTY (30) DAYS** from the date of this Opinion and Order to attempt personal service of process. If service of process is unsuccessful within the time allotted, these defendants will be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 4(m).

2. Plaintiff's Motion for Summary Judgment (Doc. #85) is **GRANTED** as to defendants Aly Trucking, Inc., Ameca Corp., Manuel Barranada, Osmany Suarez Borrero, Pascual R. Borrero, Osmani A. Brizuela, Gustavo R. Concepcion, Ivan Druna, Amaury Espinosa, Stanley Kent, Dale E. Montgomery, Tiffany Nguyen, Augustin Ortega, Arnaldo Quintero, Running E. Trucking, Jose J. Santiago, Anamarie Torres, Andres Edgardo Torres, Sr., Andres Edgardo Torres, Jr., Carmen Maria Torres, David Andres Torres, Thap Cong Van, Gregoria F. Ravelo, Felix Armando Valdez, and Yoel Vasquez. The Clerk shall enter judgment in favor of plaintiff and against these defendants, **except** Gregoria F. Ravelo and Felix Armando Valdez.

3.  The case remains pending and undetermined as to defendants Gregoria F. Ravelo and Felix Armando Valdez during the pendency of their individual bankruptcy cases.

4.  The Clerk shall cancel the Final Pretrial Conference scheduled for March 24, 2008, and all other remaining deadlines as moot.  The case otherwise remains open.

5.  Plaintiff shall serve a copy of this Opinion and Order on all served defendants.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of March, 2008.

*John E. Steele*
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record